IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEAN PEIFER. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 15-733 |
| | : | |
| CAROLYN COLVIN | : | |
| Acting Commissioner of Social Security | : | |

MEMORANDUM

**KEARNEY, J.**                                                                                                                                    **September 21, 2016**

Jean Peifer ask we review Administrative Law Judge Patrick Cutter's May 22, 2013 final decision denying her application for disability insurance benefits and claim for disability under the Social Security Act. Administrative Law Judge Cutter found Ms. Peifer "was not disabled under Sections 216(i) and 223(d) of the Social Security Act" defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment...for a continuous period of not less than 12 months."[1] The Honorable M. Faith Angell's comprehensive August 24, 2016 Report and Recommendation details the reasons to affirm the May 22, 2013 final decision.

Ms. Peifer raises five arguments challenging Administrative Law Judge (ALJ) Cutter's findings.[2] Incorporating and approving Judge Angell's analysis, we now address the reasons for our accompanying Order denying Ms. Peifer's request and affirming the Commissioner's finding denying Ms. Peifer's application for disability insurance benefits.

Our review of Administrative Law Judge Cutter's (ALJ) decision is deferential, bound by findings of fact if they are supported by substantial evidence in the record.[3] Our review is limited to determining whether there is substantial evidence to support his decision.[4] Substantial

evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[5]

## I. Analysis

### A. Ms. Peifer's first objection concerning Step Two lacks merit.

Ms. Peifer first objects to the ALJ's evaluation of her alleged impairments at Step Two of the Social Security Administration's five step evaluation process.[6] At Step Two under 20 C.F.R. § 404.1520, the ALJ will "consider the medical severity of [the] impairment(s)", and denies a finding of disability if "severe medically determinable physical or mental impairment(s)" are not present.

Ms. Peifer argues ALJ Cutter failed to find her hypertension and GERD were severe impairments under the guidelines, and failing to call for expert medical testimony for her peripheral neuropathy constitutes reversible error. ALJ Cutter found Ms. Peifer's GERD and hypertension ". . . did not cause more than a minimal limitation in [plaintiff's] ability to work and they "appear to be controlled with medications"[7] Ms. Peifer argues the ALJ should follow the "slight abnormality" standard to assess the severity of impairments under SSR 96-3p. "[a]n impairment or combination of impairments is considered "severe" if it significantly limits an individual's physical or mental abilities to do basic work activities."

Our Court of Appeals instructs "the step-two requirement of 'severe' is met" where the evidence brought by the claimant "presents more than a 'slight abnormality.'"[8] Ms. Peifer's burden at Step Two is not "exacting" and "[a]ny doubt as to whether this showing has been made is to be resolved in favor of the applicant."[9] ALJ Cutter found Ms. Peifer's GERD and hypertension caused no more than "minimal limitation" on her ability to do basic work activities, indicating the slight abnormality standard was appropriate.[10]

2

ALJ Cutter's classification of Ms. Peifer's hypertension and GERD as "non severe" is ultimately irrelevant. In his findings, ALJ Cutter identifies other severe impairments suffered by Ms. Peifer. The lack of a finding of "severe" for Hypertension and GERD cannot serve the basis for remand.[11]

### B. Ms. Peifer's arguments regarding her diabetes mellitus lack merit.

Ms. Peifer argues ALJ Cutter improperly evaluated her diabetes mellitus under SSR 14-2p, which "provides guidance on how [to] evaluate diabetes mellitus in disability claims under Titles II and XVI of the Social Security Act." Ms. Peifer argues ALJ Cutter selectively and improperly relied on "one single medical note" from her treating physician, Dr. Lent.[12] Ms. Peifer further argues ALJ Cutter failed to consider "Stage III/Renal Disease" in conjunction with her diagnosis of diabetes mellitus and the evidence supporting this diagnosis.

Judge Angell correctly finds ALJ Cutter properly evaluated the evidence of Ms. Peifer's diabetes mellitus and Stage III/Renal Disease. ALJ Cutter discussed in detail Ms. Peifer's November 26, 2011 hospitalization and Dr. Lent's medical note discussing her conditions upon discharge.[13] Without a further showing, we cannot find ALJ Cutter improperly relied on Dr. Lent's medical note or failed to weigh other evidence. Although Ms. Peifer is diagnosed as having Stage III/advanced renal disease, a diagnosis alone is insufficient to demonstrate disability.[14]

Ms. Peifer argues ALJ Cutter incorrectly relies on Dr. Draggan's medical note when determining her diagnosis of diabetes mellitus.[15] Ms. Peifer argues Dr. Draggan is not an endocrinologist and is unqualified to issue a diagnosis outside of his specialty. She argues Dr. Saleem's opinion, the physician primarily in charge of her care, should be given more deference and weight.

Judge Angell correctly finds ALJ Cutter is not prevented from taking into consideration evidence from a physician merely because the opinion is outside physician's specialty.[16] ALJ Cutter evaluates the evidence presented by Dr. Draggan in conjunction with other evidence to formulate a final disability determination.[17] ALJ Cutter ultimately reduces Ms. Peifer's Residual Functional Capacity due to complications stemming from her diabetes mellitus including limiting her to light, unskilled work.[18] Ms. Peifer cites no other evidence indicating the ALJ failed in his obligations by not including more restrictive limitations in her Residual Functional Capacity.

C.      Ms. Peifer's Step 5 challenge lacks merit.

Ms. Peifer argues ALJ Cutter, after finding she could not perform past relevant work, failed to carry the burden at Step 5 showing other jobs exist in the national economy she could perform. Ms. Peifer argues the ALJ failed to address conflicts between testimony of the Vocational Expert with respect to her ability to "sit/stand" and language contained in the Dictionary of Occupational Titles (DOT), a violation of SSR 00-4p.[19] SSR 00-4p states, in relevant part, adjudicators must "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by Vocational Experts and information in the DOT."

Judge Angell correctly finds ALJ Cutter explains the discrepancy by finding Ms. Peifer has the Residual Functional Capacity to perform light work "except she must have been able to perform her work sitting or standing."[20] ALJ Cutter additionally notes the discrepancy between the Vocational Expert and the DOT when he determines "the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles except for the testimony regarding a sit/stand option." ALJ Cutter describes the conflict between the Vocational Expert's testimony and DOT in his decision, satisfying his obligation.

4

Ms. Peifer also argues information given to the Vocational Expert is insufficient to find a sit/stand limitation. She argues a difference exists between an individual shifting between sitting and standing every hour, and a requirement an individual shift between sitting and standing every five minutes. ALJ Cutter correctly takes this distinction into consideration; "[plaintiff's] ability to perform all or substantially all of the requirements of this level of work was impeded by additional limitations."[21] Ms. Peifer's claim is also belied by our Court of Appeals decisions relating to at-will sit/stand limitations.[22]

### D. Ms. Peifer's challenge on the ALJ's credibility finding lacks merit.

Judge Angell properly concludes ALJ Cutter found Ms. Peifer's testimony to be "not entirely credible."[23] Ms. Peifer argues the ALJ's credibility findings are not supported by substantial evidence in the record.

ALJ Cutter found "[a]fter careful consideration of the evidence....[plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible. . ."[24] ALJ Cutter further explains his reasoning finding Ms. Peifer's testimony not entirely credible finding "despite her impairments, plaintiff indicated that she drives a car, shops in stores, and has no problem with personal care...[plaintiff] also indicated she prepares her own meals and does cleaning, laundry and dishes."[25] In *A. Limousine, Inc. v. N.L.R.B.*, our Court of Appeals instructs us the ALJ's credibility determination should be "afforded great deference as long as relevant factors are considered and resolutions explained."[26] Ms. Peifer's claims do not present an extraordinary case warranting reversal of ALJ Cutter's credibility determination.[27]

### E. Ms. Peifer's challenge on the consultative medical exam lacks merit.

Ms. Peifer challenges ALJ Cutter denying a consultative medical exam to determine her residual functional capacity. Ms. Peifer argues absent a medical exam, ALJ Cutter failed his

5

duty to fully develop the medical record. Ms. Peifer cites to SSR 96-8p in support of her claim. SSR 96-8 provides "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations.").

We disagree with Ms. Peifer. A residual functional capacity assessment is not a medical assessment, rather an administrative finding reserved for the commissioner.[28] The ALJ must base his assessment on substantial evidence in the record, and has discretion in choosing whether to order a consultative exam.[29] ALJ Cutter discussed in detail Ms. Peifer's testimony and daily activities in his findings.[30] ALJ Cutter further cited specific medical facts and non-medical evidence in forming his residual functional capacity assessment, meeting our standard. A generalized disagreement with an ALJ's residual functional capacity assessment is not a basis for remand. We find Judge Angell's finding supporting ALJ Cutter's determination is supported by substantial evidence.

## II. Conclusion

Judge Angell comprehensively analyzed Ms. Peifer's challenges to ALJ Cutter's final decision denying her disability benefits. We independently reviewed the record and Judge Angell's analysis and find no basis to vacate or remand ALJ Cutter's final decision. In the accompanying Order, we deny and dismiss Ms. Peifer's request for relief and enter judgment in the Commissioner's favor.

---

[1] ECF Doc. No. 7 at 31

[2] ECF Doc. No. 19 at 6.

[3] *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999).

6

[4] *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

[5] *Pierce v. Underwood*, 487 U.S. 552, 564 (1988).

[6] 20 C.F.R. § 404.1520.

[7] ECF Doc. No. 7, Record at 26.

[8] *Newell v. Commr. of Soc. Sec.*, 347 F.3d 541, 543 (3d Cir. 2003).

[9] *McCrea v. Commr. of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004)

[10] ECF Doc. No. 7, Record at 26.

[11] *Salles v. Commr. of Soc. Sec.*, 229 Fed. Appx. 140, 145 (3d Cir. 2007) ("[b]ecause the ALJ found in Salles's favor at Step Two, even if he had erroneously concluded that some of her other impairments were non-severe, any error was harmless.")

[12] ECF Doc. No. 19 at 10 ("Dr. Lent stated that after the claimant was given IV hydration and insulin, she was discharged on November, 29 2011 as her blood sugar and creatine improved.").

[13] ECF Doc. No. 7, Record at 28-29.

[14] *Foley v. Comm'r of Soc. Sec.*, 349 Fed.Appx. 805, 808 (3d Cir. 2009).

[15] ECF Doc. No. 19 at 10.

[16] 20 C.F.R. § 404.1527(c).

[17] ECF Doc. No. 7, Record at 26-29.

[18] *Id* at 27.

[19] ECF Doc. No. 19 at 11.

[20] ECF Doc. No. 7, Record at 27.

[21] ECF Doc. No. 19 at 13.

[22] *Johnson v. Commr. of Soc. Sec.*, 529 F.3d 198, 206 (3d Cir. 2008).

[23] ECF Doc. No. 19 at 14-15.

[24] ECF Doc. No. 7, Record at 28.

---

[25] *Id.*, Record at 29.

[26] 243 F.3d 711, 718 (3d Cir. 2001).

[27] *Horodenski v. Commr. of Soc. Sec.*, 215 Fed. Appx. 183, 189 (3d Cir. 2007).

[28] *Breen v. Commr. of Soc. Sec.*, 504 Fed. Appx. 96, 99 (3d Cir. 2012).

[29] 20 C.F.R. §404.1519a(a).

[30] ECF Doc. No. 7, Record at 28-29.